UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-cv-81672-KAM/WDM

ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,

       Plaintiff,

v.

LAKESHORE EQUIPMENT COMPANY, d/b/a
LAKESHORE LEARNING MATERIALS,

       Defendant.

_____/

**RESPONSE IN OPPOSITION TO DEFENDANT LAKE SHORE EQUIPMENT, CO.'S
MOTION TO DISMISS AMENDED COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

**PRELIMINARY STATEMENT**

       Defendant fails to satisfy its burden, construing all questions of fact in favor the Plaintiff, to show by *clear and convincing evidence* that Claim 11 (the "Asserted Claim") of U.S. Pat. No. 9,373,261 (issued June 21, 2016) (the "'261 Patent") is invalid. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") is merely a dilatory tactic. In its new Motion, Defendant raises baseless arguments that could have been raised and were not raised in the three (3) prior nearly identical motions to dismiss filed by Defendant's counsel in this case and the other matters pending before Your Honor in which Defendant's counsel represents two other continuing infringers regarding the same Asserted Claim of the '261 Patent[1]. Defendant's sole

_____

[1] Plaintiff is filing substantively identical Response Memoranda in the following matters:
  1) *Elec. Commc'n Techs., LLC v. Minted, LLC*, No. 9:16-cv-81669-KAM ("Minted");
  2) *Elec. Commc'n Techs., LLC v. The Pep Boys*, No. 9:16-cv-81676-KAM ("Pep Boys"); and,

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

purpose is to delay, increase the cost to Plaintiff to enforce the '261 Patent and attempt to confuse the Court. Consequently, for the reasons presented in Plaintiff's Responses to the first three motions to dismiss and those further addressing Defendant's new, baseless and untimely arguments, Defendant's Motion to Dismiss the Amended Complaint should be denied.

## PROCEDURAL BACKGROUND

On or about, September 30, 2016, Plaintiff filed actions for infringement against: Minted, LLC, No. 9:16-cv-81669-KAM ("Minted)"; The Pep Boys, No. 9:16-cv-81676-KAM ("Pep Boys"); Lakeshore Equip. Co., No. 9:16-cv-81672-KAM ("Lakeshore"); The Orvis Co., 16-cv-81675-KAM ("Orvis") and ShoppersChoice.com, LLC, 16-cv-81677-RLR ("ShoppersChoice.com").

On or about Oct. 26, Defendant's counsel made appearances in Pep Boys and Minted, and filed unopposed motions to extend the time for the defendants to respond to their respective complaints. [Pep Boys, 9:16-cv-81676-KAM DE 7] [Minted, 9:16-cv-81669-KAM DE 8].

On or about Oct. 28 Defendant's counsel filed a motion to dismiss in the Lakeshore matter. [Lakeshore, 9:16-cv-81672-KAM DE 8].

On or about Nov. 18 Defendant's counsel filed a substantively identical motion to dismiss in the Pep Boys matter. [Pep Boys, 9:16-cv-81676-KAM DE 16].

---

3) *Elec. Commc'n Techs., LLC v. Lakeshore Equip. Co.*, No. 9:16-cv-81672-KAM (Lakeshore Equip. Co. ("Lakeshore"). All three matters have been assigned to Hon. Judge Marra. but not yet consolidated.
In the ShoppersChoice.com matter, 16-cv-81677-RLR, now pending before Judge Rosenberg, a different defendant moved for judgment on the pleadings seeking to invalidate the Asserted Claim with a brief that was substantively cut and pasted from the original motions to dismiss filed by Defendant in this case and a memorandum of law that was filed in the now resolved *Orvis* matter. That later filed matter, now pending before Judge Rosenberg, is also fully briefed and ripe for decision.

On or about Nov. 22 Defendant's counsel filed a substantively identical motion to dismiss in the Minted matter. [Minted, 9:16-cv-81669-KAM DE 17].

To narrow issues before the Court, for judicial economy and to avoid delay, the parties sought to consolidate the pending cases where the Defendants shared counsel and had asserted nearly identical 12(b)(6) Motions. As a consequence, the Pep Boys and Lakeshore matters were transferred from Judge Zloch to Judge Marra. The parties also agreed that if Plaintiff responded to the various defendant's motions in part by dropping the counts relating to the assertion of claims of two patents no longer in suit, Plaintiff would file its Response(s) by December 19, and Defendant would file its replies by January 10. The parties filed multiple agreed motions in this regard, and the Court granted ultimately those motions. *See, e.g.,* [Minted, 9:16-cv-81669-KAM DE Nos. 18-21]; [Pep Boys, 9:16-cv-81676-KAM DE Nos. 19, 20, 26-27]; [Lakeshore, 9:16-cv-81672-KAM DE Nos. 8, 13, 16 19, 20, and 26-27].

In accord with the Court's orders and the agreement of the parties, Plaintiff filed its response to each of the motions on Dec 19, including an Amended Complaint in which Plaintiff dropped the counts as promised and proceeded solely on the Asserted Claim, which was the sole claim of the '261 Patent asserted in the original Complaint [DE 1].

Now, instead of replying to its original motion as agreed, Defendant waives the filing of a Reply at to that Motion, now contending the original Motion to Dismiss should be denied as moot. [Motion at 3 fn. 4]. In its new Motion Defendant raises arguments and issues not addressed in its original motion, but seeks the same end – to test the validity of the '261 Patent.

## FACTS PRESUMED TRUE

1.     Over a decade ago, the escalation of online purchasers and the use of order confirmations and shipment notification messages presented unique problems for online retailers.

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

Online retailers like Defendant were increasingly faced with customer account break-ins, loss of products that were ordered and shipped to hacker addresses and maybe the most important - the loss of customer's trust.   Amended Complaint ("AC") ¶ 7. Prior to 2003, online retailers engaging in electronic communication via order confirmations and shipment notifications needed a means to help the customers "verify" and know the difference between an authentic communication or a fake "phishing" communication (impersonating the retailer). AC ¶ 12.

2.     Mr. Horstemeyer innovated many unique solutions to minimize hacker's impacts when mimicking order confirmations and shipment notification emails (the hacker's methods are known as "phishing"). AC ¶ 8. More specifically, with respect to the Asserted Claim, Mr. Horstemeyer invented methods and systems to enable online retailers to assist their customers in determining the difference between trusted and non-trusted shipment and order confirmation emails. AC ¶ 9. The Asserted Claim has a priority date relating back to 2003 and is directed towards an automated system for retailers and their associated customers to avoid phishing scams. The Asserted Claim uses the mechanism of the '261 Patent to enable confidential customer supplied information to be used within the retailer's communications to verify authenticity. AC ¶ 10. Providing customer verifiable information within shipment and order confirmations by the mechanism described in the '261 Patent helps to stop or at least reduce fraud associated with the illegal mimicking of order and shipment confirmation emails. AC ¶ 11.

3.     The U.S. Patent office examined the application for the '261 Patent, considered the prior art, and the court opinions in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355, 189 L. Ed. 2d 296 (2014) and *Eclipse IP LLC, v. McKinley Equip. Corp.*, Case No. SACV 14–154–GW(AJWx), 2014 WL 4407592 (C.D. Cal Sept. 4, 2014) ("*McKinley*") and determined that

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

Mr. Horstemeyer's 2003 invention, described in the Asserted Claim, is patent eligible, novel, and useful. AC ¶ 13. '261 Patent.

4.      The '261 Patent contains multiple embodiments of Mr. Horstemeyer's inventions and discloses various algorithms and methods for carrying out the inventions. '261 Patent.

5.      The role of the computer parts and code in the Asserted Claim are not for mere convenience of efficiency, but a requirement of each of the steps. '261 Patent.

6.      The Asserted Claim is presumed valid pursuant to 35 U.S.C. § 282.

## MEMORANDUM OF LAW

When considering a Rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

> Such a motion, which cuts off a claimant at the threshold, must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." A dismissal under Rule 12(b)(6), to be sustained, must be correct as a matter of law when the allegations of the complaint are taken as true. Disputed issues are construed favorably to the complainant, and all reasonable inferences are drawn in favor of the complainant. Thus, to the extent that factual questions are raised and are material to the result, dismissal is improper unless there is no reasonable view of the facts which could support the claim.

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160–61 (Fed. Cir. 1993) *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). (other internal citations omitted)

Defendant fails to prove by *clear-and-convincing evidence* that Plaintiff's patent is invalid. The *clear-and-convincing evidence* standard applies to "all aspects of § 101 challenges." *Front Row Techs., LLC v. NBA Media Ventures, LLC*, No. CIV 10-0433 JB/SCY, 2016 WL

5404094, at *35 (D.N.M. Aug. 30, 2016) *citing Trading Technologies International, Inc. v. CQG, Inc.*, No. 05–CV–4811, 2015 WL 774655 (N.D.Ill. Feb. 24, 2015). A defendant attacking the validity of a patent must do so by "clear and convincing evidence." *Microsoft Corp. v. I4I Ltd. P′ship*, 564 U.S. 91, 113, 131 S. Ct. 2238, 2252 (2011). This burden is even higher when the patent examiner considered the asserted grounds during patent prosecution. *Impax Labs., Inc. v. Aventis Pharm., Inc.,* 545 F.3d 1312, 1314 (Fed. Cir. 2008); and, *Hewlett–Packard Co. v. Bausch & Lomb Inc.,* 909 F.2d 1464, 1467 (Fed. Cir. 1990).

The Federal Circuit has held, "the analysis under § 101, while ultimately a legal determination, is rife with underlying factual issues." *Ultramercial v. Hulu,* 722 F.3d 709, 1339. (2014). The Supreme Court has recognized the factual underpinning of a § 101 analysis in that "PTO examiners must make various factual determinations—for instance, the state of the prior art in the field and the nature of the advancement embodied in the invention." *Microsoft Corp. v. i4i Ltd. P′ship*, 564 U.S. at 96, 131 S. Ct. 2238. "While the ultimate question of patent validity is one of law, the same factual questions underlying the PTO's original examination of a patent application will also bear on an invalidity defense in an infringement action." *Id*. at 91 (citations and quotations omitted); *See, also, Affinity Labs*, 109 F.Supp.3d at 933 (recognizing that a § 101 analysis "may contain underlying factual issues").

The Federal Circuit has held "it will ordinarily be desirable—and often necessary—to resolve claim construction disputes before a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Bancorp*, 687 F.3d at 1273–74; *See, also Phoenix Licensing, L.L.C. v. CenturyLink, Inc.*, No. 2:14–CV–965–JRG-RSP, 2015 WL 5786582, at *3 (E.D.Tex. Sept. 30, 2015). This is particularly true where the "parties dispute the basic character of the claimed subject matter."

*StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.,* No. 8:13-CV-2240-T-33MAP, 2015 WL 518852, at *4 (M.D. Fla. Feb. 9, 2015). Even, if the Court concludes that Defendant's "arguments may have some potential merit . . . the Court cannot properly and efficiently address such arguments absent development of the record." *zIT Consulting GmbH v. BMC Software, Inc.*, No. 615CV1012ORL37KRS, 2016 WL 231215, at *5 (M.D. Fla. Jan. 15, 2016) (denying defendant's § 101 12(b)(6) motion as premature and requiring the Defendant to seek leave before filing another dispositive motion). To the extent there is any material dispute as to the subject matter of the invention, construction of the claims, or state of the art at the time of invention, the 12(b)(6) motion should be denied.

### A.    The Asserted Claim is Presumed Valid, and Was Not Addressed by Defendant's Original Motion to Dismiss.

Like the original Complaint, the sole claim of the '261 Patent asserted against Defendant in the Amended Complaint is Claim 11. In its original Motion to Dismiss, Defendant did not make any arguments, analysis or comparison regarding Claim 11 of the '261 Patent. By failing to raise the defenses in the original motion to dismiss Defendant waived these arguments. "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g).

> [I]f a party files a Rule 12(b) motion to dismiss, it may not subsequently assert any Rule 12(b) defenses that were available when the first Rule 12(b) motion was filed . . . a defense is waived if it was "available" at the time of the answer or pre-trial motion.. . . A defense is "unavailable" for purposes of Rule 12(g)(2) "'if its legal basis did not exist at the time of the answer or pre-answer motion,' so that it was 'for all practical purposes impossible for the defendants to interpose their . . . defense.'"

*Noveshen v. Bridgewater Assocs., LP*, No. 13-CV-61535-KAM, 2015 WL 11170928, at *2 (S.D. Fla. July 20, 2015) (Marra, J.) *quoting   Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F.

Supp. 3d 9, 13 (D.D.C. 2014) (other internal citations omitted); *See, also, F.L.B. v. Lynch*, 180 F. Supp. 3d 811, 816 (W.D. Wash. 2016), reconsideration denied, No. C14-1026 TSZ, 2016 WL 4533608 (W.D. Wash. May 12, 2016) (noting that the amended complaint did not alter the scope of the case in any significant way).

In the matter at bar, the Asserted Claim was the only claim of the '261 Patent asserted in the original Complaint. The parties agreed that if Plaintiff filed a response to the Motion to Dismiss that included an Amended Complaint dropping the counts of the other previously asserted patents Defendant would file a Reply to the original Motion to Dismiss on or before January 10, 2017, and the Court entered an order extending the time for Defendants to Reply based upon that agreement. *See, Minted* [16-cv-81669-KAM DE 20] (granted DE 21); *Lakeshore* [16-cv-81672-KAM DE 19] (denied DE 22). **In fact, in the Lakeshore and Pep Boys matters Defendant's counsel filed renewed agreed motions requesting an extension of time to Reply to the Motion to Dismiss after Plaintiff filed its Response and the Court granted these renewed motions.** *See, Pep Boys* [Case No.: 16-cv-81676-KAM DE 26] (acknowledging the amended Complaint and seeking an extension of time to Reply to the Response to Motion to Dismiss) (granted by DE 27); and, *Lakeshore* Case No.: 16-cv-81672-KAM DE 27 (acknowledging the amended Complaint and seeking an extension of time to Reply to the Response to Motion to Dismiss) (granted by DE 28).

A district court need not consider arguments not raised in the initial brief, filed in support of a motion to dismiss. *See, Chung v. Just Mortg., Inc.,* No. 1:12-CV-623-AT-ECS, 2013 WL 12120508, at *4 (N.D. Ga. Jan. 14, 2013), *report and recommendation adopted*, No. 1:12-CV-0623-AT-ECS, 2013 WL 12129314 (N.D. Ga. Feb. 19, 2013) *citing U.S. Commodity Futures Trading Comm'n v. Atha*, 420 F. Supp. 2d 1373, 1381 (N.D. Ga. 2006). Consequently, because in

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

its original Motion to Dismiss Defendant failed to raise any arguments as to the validity of the Asserted Claim, Defendant's untimely Motion should be denied.

**B.      Defendant's Argument Improperly Construes the Asserted Claim, and Attempts to Obfuscate the Fact that the Asserted Claim Covers the Concrete Application Claimed as Embodied in the Specification.**

The Asserted Claim covers an automated notification system to prevent phishing that was new and useful at the time of reduction to practice in 2003. *See* **Exhibit A**. It is patent eligible and does not preempt the art.

> Whoever invents or discovers any new and useful process,[2] machine, manufacture, or composition of matter, or any new and useful *improvement* thereof, may obtain a patent therefor

35 U.S.C. § 101 (emphasis added).

Binding precedent of the Federal Circuit recently found claims similar to the Asserted Claim patent eligible. *See, e.g.,* **Exhibit A** attached (comparing the Claim 11 of the '261 Patent with Claim 1 of the '065 Patent examined in *Amdocs (Israel) Ltd. v. Openet Telecom, Inc., et. al.*, No. 2015-1180, 2016 WL 6440387, at *8 (Fed. Cir. Nov. 1, 2016) ("Amdocs"). Notably, in counsel for the Defendant repeatedly cites *Amdocs* for the premise that "the claim at issue be compared to claims with a 'similar or parallel descriptive nature'" that have been analyzed in previous cases." *See*, [Pep Boys DE-16 at 6]; and, [Minted DE-17 at 6] *quoting* Amdocs, 2016 WL 6440387 at *4-5.

However Defendant fails to ever compare the Asserted Claim to any of the claims analyzed in a previous Federal Circuit case, and in particular the *Amdocs* case. This is because, the Federal Circuit repeatedly vacates district court findings of abstract ideas where the software implemented patent describes either a "technology-based solution," or "software-based

---

[2] A process is defined broadly as "process, art or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material." 35 U.S.C. § 100.

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

invention[ ] that improve[s] the performance of the computer system itself." *Amdocs*, 2016 WL 6440387, at *8 *quoting BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016). In the matter at bar, the 261 Patent describes and Asserted Claim is directed to software based inventions that are "technology-based solutions" that also "improve the performance of the computer system." More specifically, the Asserted Claim is directed towards a system that transforms computer components into a specific technological mechanism that improves the system to prevent phishing communications.

Throughout its argument in its original Motion to Dismiss, without making reference to any specific claim or part of the patent specification, Defendant avers that the entire Asserted Patent "preempt[s] the abstract ideas of 'ensuring trusted sources of information and enabling parties to communicate regarding tracked items' and violate 'the longstanding rule that '[a]n idea of itself is not patentable.'" *See, e.g.,* [Lakeshore DE 8 at 1, 7, 9 and 11]; [Pep Boys DE-16 at 1, 7-8, 10-11, 13]; and, [Minted DE-17 at 1, 7-8, 10-11, 13].[3] However that language neither appears anywhere in the Asserted Claim nor the '261 Patent specification. In fact, in its original motions to dismiss, and its new Motion Defendant avoids any construction of the Asserted Claim and instead ignores the structure and terms defined in the specification and art, and suggests that non-asserted claims 1 through 10 are analogous to "Delivering a Pizza" or "Delivering Flowers." In a conclusory fashion Defendant now argues the Asserted Claim "broadly preempts the abstract idea of allowing a party to choose to communicate with another party with respect to the tracking of a mobile thing."   However, that is not true. The claim is limited to the concrete invention disclosed in the specification.

---

[3] *Cf. TNS Media Research LLC v. TIVO Research & Analytics, Inc.*, No. 11-CV-4039 (KBF), 2016 WL 6993768, at *10 (S.D.N.Y. Nov. 29, 2016) (explaining virtually any invention can be reduced to a concept).

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

The Federal Circuit has "rejected a claim construction process based on the 'essence' of an invention." *Ruckus Wireless, Inc. v. Innovative Wireless Sols., LLC*, 824 F.3d 999, 1009 (Fed. Cir. 2016) *quoting Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1345 (Fed. Cir. 2002). When a patent combines elements existing the prior art "there is no legally recognizable or protected 'essential' element, 'gist' or 'heart' of the invention**."** *Boston Sci. Corp. v. Johnson & Johnson*, 647 F.3d 1353, 1365 (Fed. Cir. 2011). However, even assuming the examples of "prior art" practices identified by Defendant such as "Delivering a Pizza" or "Delivery Flowers" existed before the application for patent none are precluded by the Asserted Claim. This is a strong indication of patentability. *Amdocs,* 2016 WL 6440387, at *11 (Fed. Cir. Nov. 1, 2016).

> Indeed, virtually any invention can be reduced to a concept. "Method" inventions may be particularly vulnerable to such abstract characterizations. But "method" patents are certainly allowed under existing patent law. The key question is whether the abstract summary embodies the totality of the invention is all that the invention is—in other words, is the invention nothing more than the abstract concept? Here, the answer is plainly no. This is demonstrated by the type of multi-sourced, granular collection of data that allows for real-time calculations of utility. The claim limitations, read against the specification, are critical to this understanding.

*TNS Media Research LLC v. TIVO Research & Analytics, Inc.*, No. 11-CV-4039 (KBF), 2016 WL 6993768, at *10 (S.D.N.Y. Nov. 29, 2016) (finding claims subject matter eligible).

Instead of construing and comparing claims, in its arbitrary "analogy", Defendant completely ignores many structures and elements of the claims and over 100 pages of disclosure by the inventor of the invention which includes very detailed specific diagrams of the structure of the invention and its computer program code. Notably, Defendant disregards the Response System Feedback Mechanism 100b of PCD 75 that enables "a party to provide or select authentication information for use in connection with a notification communication session

involving a delivery or pickup task associated with a mobile thing"; the various components of the base station control unit and memory database 94 used for storing authentication information and the Monitoring mechanism 69 of data manager 67 and database 94 of base station manger 41 of base station control unit 40 that monitor the travel data associated with a mobile thing;  the base station manager 41 (including, data manager 67, and authentication data table 68h of database 94 of base station manager 41 of base station control unit 40), memory 30b, and transceiver 72 that provides the stored authentication information to the personal communications device that indicates to the party that the notification communication session was initiated by an authorized source. Defendant does not acknowledge the claimed code the enables each of those components. *See, e.g., inter alia,* '261 Patent at Figs 1, 3, 5a-5d, 7a-7d, 14:63-15:12; 15a-15b, 16, and 16A. Pages 28:20-70, 47:5-48:10, 54:53-55:57-:31, 63:62-72:40 etc. Each of those components are made up of silicon, plastics and/or wires that are specifically ordered and used in manner that was not conventional in 2003.  This is similar to other improvements in technology that assemble components of circuit boards such as transistors, wires, resistors, diodes, capacitors and other common pieces to use laws of nature to build something "man made." The Asserted Claim is concrete. It is "man made" as much as Velcro® hook and loops or a safety pin.[4] There is no *clear and convincing* evidence of record otherwise, and even if the Court thought that there were, weighing evidence is a question for the jury. At this stage, all facts need to be construed in the favor of the Plaintiff.

---

[4]   *See, e.g., World Intellectual Property Organization,* Hooked on Innovation http://www.wipo.int/ipadvantage/en/details.jsp?id=2658 (last accessed Jan. 9, 2016) (explaining how George de Mestral applied an abstract idea from a cocklebur to make Velcro® for Velcro Industries N.V. (Velcro) which continues to patent improvements to his system of "hooks and loops" and has generated over $298 Mil. USD in a given year); U.S. Pat. No. 6,281 (safety pin).

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

Moreover, Defendant completely ignores the claimed code that transforms many of these specifically arranged components into special purpose components

> the specification need not include "a listing of source code or a highly detailed description of the algorithm to be used to achieve the claimed function . . . all that is required is sufficient instruction to transform the general purpose microprocessor to a special purpose computer."

*Copper Innovations Grp., LLC v. Nintendo Co., Ltd,* No. CIV.A. 07-1752, 2009 WL 8080100, at *27 (W.D. Pa. Oct. 6, 2009), report and recommendation adopted as modified sub nom. *Copper Innovations Grp., LLC v. Nintendo Co.*, No. CIV.A. 07-1752, 2011 WL 1792709 (W.D. Pa. May 11, 2011), and aff'd sub nom. *Copper Innovations Grp., LLC v. Nintendo Co.,* 505 F. App'x 959 (Fed. Cir. 2013), and aff'd *sub nom. Copper Innovations Grp., LLC v. Nintendo Co.*, 505 F. App'x 959 (Fed. Cir. 2013) *Cf., In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1316 (Fed. Cir. 2011) (holding basic "processing," "receiving," and "storing" functions were not indefinite because a general purpose computer need not "be specially programmed to perform the recited function"). *See, e.g.,* **Exhibit A** attached (comparing the Claim 11 of the '261 Patent with Claim 1 of the '065 Patent examined and held subject matter eligible in *Amdocs*, 2016 WL 6440387, at *8 (Fed. Cir. Nov. 1, 2016)).

A fundamental problem with Defendant's position is a "failure to meaningfully address preemption, which is the fundamental concern at stage one of the Mayo analysis." *Perdiemco, LLC v. Industrack LLC*, No. 2:15-CV-1216-JRG-RSP, 2016 WL 5719697, at *6 (E.D. Tex. Sept. 21, 2016), report and recommendation adopted, No. 2:15-CV-727-JRG, 2016 WL 5475707 (E.D. Tex. Sept. 29, 2016) (denying defendant's motion for judgment on the pleadings regarding a claim directed to "[a] method for conveying user location information"). In so holding, the Eastern District of Texas explained:

> [Defendant] strip[s] away all limitations related to computers as mere "conventional concepts" or "conventional . . . tracking elements" without addressing the role played by those elements in the context of the claim as an ordered combination. . . . [Defendant] propose[s] . . . how children, parents, chaperones, and school employees participating in a class field trip could approximate the behavior described in each exemplary claim. However . . . *the proposed scenarios fail by assuming that each and every computer-related limitation can be properly excluded from the claims and by crafting a scenario that involves the decentralized actions of multiple participants, unlike the claims*.

*Perdiemco,* 2016 WL 5719697, at *7 (emphasis added). *See, also, Vehicle IP, LLC v. AT&T Mobility, LLC*, No. CV 09-1007-LPS, 2016 WL 5662004, at *4 (D. Del. Sept. 29, 2016) (denying defendant's motion for judgment on the pleadings where Defendants argued that the asserted claims were "directed to the abstract idea of 'calculating, at a vehicle, its expected time of arrival at a location'"); *See* **Exhibit B** attached (comparing the Asserted Claim with allowed claim 4 of the '371 Patent at issue in *Vehicle IP, LLC*). Notably, "[e]ach of these limitations requires particular technical functionality, supporting the conclusion that the claims are not merely directed toward the application of an abstract idea in a ***generic*** computer environment." *Vehicle IP, LLC, v. AT&T Mobility LLC*, No. CV 09-1007-LPS, 2016 WL 5662004, at *6 (D. Del. Sept. 29, 2016) (emphasis in the original).

In its new Motion to Dismiss the Amended Complaint, Defendant argues in a self-serving conclusory fashion that the Asserted Claim "preempts the idea of enabling parties to communicate regarding tracked items." Defendant has no evidentiary support for its conclusion, but argues for the first time that the Asserted Claim is like Claim 41 of the '761 Patent ("Claim 41") analyzed in *McKinley* or the abstract idea of "tracking freight" at issue in MacroPoint. [Motion to Dismiss Amended Complaint at 10-13] *quoting MacroPoint, LLC v. FourKites, Inc.*, No. 1:15 CV 1002, 2015 WL 6870118, at *6 (N.D. Ohio Nov. 6, 2015) ("MacroPoint").

Defendant's new analysis, not raised in its counsel's prior multiple motions to dismiss, baselessly ignores the claimed "code" and specific organization of components that distinguish the Asserted Claim from Claim 41 and the claim at issue in *MacroPoint*. Notably, in his opinion and analysis of Claim 41 in relation to *Planet Bingo*, Hon. Wu explained that the problem with Claim 41 was like those in *Planet Bingo*, because the "computer code" was "not recited in the claims." *McKinley*, 2014 WL 4407592, at *9 (C.D. Cal. Sept. 4, 2014) *citing Planet Bingo, LLC v. VKGS LLC*, 576 Fed. Appx. 1005, 1008-9 (Fed. Cir. 2014) ("*Planet Bingo*"). Unlike the claims analyzed in *Planet Bingo, McKinley* and *MacroPoint* the Asserted Claim specifically includes the "computer program code" that transforms specific components of the computer into special purpose components. *McKinley*, 2014 WL 4407592, at *9; *Planet Bingo*, 576 Fed. Appx. 1005, 1008-9 (noting the claims do not claim the computer program code); *MacroPoint*, 2015 WL 6870118, at *6 (N.D. Ohio Nov. 6, 2015) (noting claims are not tied to a particular machine or apparatus). *Cf. Amdocs,* 2016 WL 6440387, at *8 (Fed. Cir. Nov. 1, 2016) (holding claims using conventional computer components with computer program code patent eligible).

As explained by the Supreme Court, the "abstract ideas" category in a § 101 analysis embodies "the longstanding rule that '[a]n idea of itself is not patentable.'" *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355, 189 L. Ed. 2d 296 (2014) *indirectly quoting Rubber–Tip Pencil Co. v. Howard,* 20 Wall. 498, 507, 22 L.Ed. 410 (1874); "A principle, in the abstract, is a fundamental truth; an original cause; a motive; these cannot be patented, as no one can claim in either of them an exclusive right." *Le Roy v. Tatham*, 14 How. 156 (1852). In other words, a patent should not issue "on the law of gravity, or the multiplication tables, or the phenomena of magnetism, or the fact that water at sea level boils at 100 degrees centigrade and freezes at zero—even though newly discovered." *Parker v. Flook*, 437 U.S. 584, 598–99, 98 S. Ct. 2522,

2530, 57 L. Ed. 2d 451 (1978) (Stewart, J. dissenting) *citing Le Roy v. Tatham*, 14 How. 156, 175 (1852); *O'Reilly v. Morse*, 15 How. 62, 112–121 (1853); *Rubber-Tip Pencil Co. v. Howard*, 20 Wall. 498, 507 (1874); *Tilghman v. Proctor*, 102 U.S. 707 (1880); *Mackay Radio & Telegraph Co. v. Radio Corp. of America*, 306 U.S. 86, 94 (1939); *Funk Bros. Seed Co. v. Kalo Co.*, 333 U.S. 127 (1948). The Supreme Court has explained, "[w]e must distinguish between patents that claim the "'buildin[g] block[s]'" of human ingenuity and those that integrate the building blocks into something more." *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) *quoting Mayo v. Prometheus,* 132 S.Ct. 1289, 1303 (2012).

The Asserted Claim is not directed to a fundamental truth or mere idea, but builds upon the state of the art in 2003 to create a new and useful machine for secure notification messaging with user option to communicate with delivery or pickup representative.[5] Most inventions are built using existing parts and materials, from screws, nails, plastics, to computer parts, transistors and software. Software imparts a special purpose to generic computer parts through the use of processes, arrays and data structures. In fact, new computer systems and even software code are clearly patentable even if they just use well known parts when they are applied in a new and useful way. *See, e.g., Amdocs*, 2016 WL 6440387, at *15 (Fed. Cir. Nov. 1, 2016) *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1315 (Fed. Cir. 2016) (holding software steps patentable and stating "[t]he concern underlying the exceptions to § 101 is not tangibility, but preemption"); *Enfish, LLC, v. Microsoft Corp.*, 822 F.3d 1327 (Fed Cir. 2016) (holding methods of storing data subject matter eligible); *BASCOM Global Internet Services v. AT&T Mobility LLC*, 827 F .3d 1341 (Fed. Cir. 2016) (method of filtering internet content); *See, also* Robert W.

---

[5] "If I have seen further, it is by standing on ye shoulders of giants." Newton, Isaac. Letter from Sir Isaac Newton to Robert Hooke. Historical Society of Pennsylvania, available at: http://digitallibrary.hsp.org/index.php/Detail/Object/Show/object_id/9285 (last accessed Dec. 14, 2016).

Bahr, Memorandum RE: Recent Subject Matter Eligibility Decisions (dated Nov. 2, 2016), attached as **Exhibit C**. In the context of the Asserted Claim, the invention enables a Person of Ordinary Skill in the Art (POSITA) to use and build a computerized system for secure notification messaging with user option to communicate with delivery or pickup representative. Although when the system is put to use, the end result might seem conventional today, it is not the *end result* that is claimed nor merely *any* system for secure notification messaging, rather the specific and unconventional secure notification system that Mr. Horstemeyer invented in 2003. *TNS Media Research LLC v. TIVO Research & Analytics, Inc.*, No. 11-CV-4039 (KBF), 2016 WL 6993768, at *6 (S.D.N.Y. Nov. 29, 2016) (vacating its prior order in light of *Amdocs* and distinguishing *Alice* by holding "[the invention] must be done with a computer. In other words, use of a computer is not a convenience or efficiency—it is a requirement for each of the steps"). *Cf.*, *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358-60, 189 L. Ed. 2d 296 (2014) (holding invalid a claim of a *conceded* abstract idea that merely recited general purpose computer parts without any meaningful relation to implementation of the idea) distinguishing *Diamond v. Diehr*, 450 U.S. 175, 177-178, (1981). Thus, the Asserted Claim is substantially more than a mere abstract idea. It is also not just an abstract idea claimed on a computer. Consequently, because the Asserted Claim is directed to an application of an idea, not the abstract idea itself, it is patentable subject matter under § 101, and Defendant's Motion to Dismiss should be denied.

### C. Defendant's Reference to *McKinley* Is Intended to Confuse the Court, the USPTO Considered *McKinley* when it Granted the '261 Patent.

In its argument, Defendant relies heavily on the opinion of United States District Judge Wu of the Central District of California regarding different entirely different patent claims from different patents. In 2014, Hon. Judge Wu held invalid: four (4) of twenty (20) claims of U.S.

Pat. No.  7,113,110 title "Stop List Generation Systems and Methods Based Upon Tracked PCD's and Responses for Notified PCD's" (the "110 Patent"); four (4) of fourteen (14) claims of 7,064,681 titled "Response Systems and Methods for Notification Systems" (the "'681 Patent"); and, thirteen (13) of ninety-two (92) claims of 7,119,716 title "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (the "'716 Patent").  *McKinley,* 2014 WL 4407592 (C.D. Cal Sept. 4, 2014).  None of those patents or claims from those patents are asserted in this action.

It is black letter law:

> A patent shall be presumed valid. *Each claim of a patent* (whether in independent, dependent, or multiple dependent form) ***shall be presumed valid independently of the validity of other claims***; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

35 U.S.C. § 282(a) (emphasis added). A defendant attacking the validity of a patent must do so by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 113 (2011).

The single Asserted Claim in this action was issued in 2016, in light of *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2356 (2014) ("Alice") and is independently presumed valid independently of every claim in Plaintiff's other patents. 35 U.S.C. § 282(a). The USPTO expressly considered the *Alice* analysis in the *McKinley* case in granting the '261 Patent. The USPTO indicated such on the cover of the Patent, and *Alice* was discussed on the record during the prosecution of the patent and throughout the *McKinley* opinion.

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

eee



US009373261B2

| (12) **United States Patent** Horstemeyer | (10) Patent No.: **US 9,373,261 B2** (45) Date of Patent: **Jun. 21, 2016** |
|---|---|

(54) **SECURE NOTIFICATION MESSAGING WITH USER OPTION TO COMMUNICATE WITH DELIVERY OR PICKUP REPRESENTATIVE**

(71) Applicant: **Eclipse IP, LLC**, Delray Beach, FL (US)

(72) Inventor: **Scott A. Horstemeyer**, Atlanta, GA (US)

(73) Assignee: **ELECTRONIC COMMUNICATION TECHNOLOGIES LLC**, Boynton Beach, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **14/635,380**

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 3,568,161 A | 3/1971 | Knickel | 340/994 |
| 3,644,883 A | 2/1972 | Borman et al. | 340/23 |

(Continued)

FOREIGN PATENT DOCUMENTS

| EP | 0219859 A2 | 4/1987 | G08G 1/12 |
| EP | 0805427 A1 | 11/1997 | G08G 1/123 |

(Continued)

OTHER PUBLICATIONS

Form AO 120—Report on the Filing or Determination of an Action Regarding a Patent or Trademark and Ruling on Motion to Dismiss for Lack of Patentable Subject Matter, U.S. District Court, Central District of California, Civil Action No. 14-742-GW (AJWx), filed Sep. 8, 2014.

(Continued)

Comparing Judge Wu's opinion regarding the claims asserted in *McKinley* with the claims asserted in the matter at bar, key differences are apparent. None of the claims asserted in *McKinley* contained computer program code to enable "a party to provide or select authentication information for use in connection with a notification communication session involving a delivery or pickup task associated with a mobile thing" as taught in the specification; a base station control unit and memory database 94 used for storing authentication information and the Monitoring mechanism 69 of data manager 67 and database 94 of base station manger 41 of base station control unit 40 that monitor the travel data associated with a mobile thing; the base station manager 41 (including, data manager 67, and authentication data table 68h of database 94 of base station manager 41 of base station control unit 40), memory 30b, and transceiver 72 that provides the stored authentication information to the personal communications device that indicates to the party that the notification communication session was initiated by an authorized source. In his reasoning Judge Wu stated

> Concomitantly, we must be wary of facile arguments that a patent preempts all applications of an idea. It may often be easier for an infringer to argue that a patent fails § 101 than to figure out a different way to implement an idea,

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

especially a way that is "less complicated—less liable to get out of order—less expensive in construction, and in its operation." But the patent law does not privilege the leisure of an infringer over the labors of an inventor. Patents should not be casually discarded as failing § 101 just because the infringer would prefer to avoid the work required to develop non-infringing uses of the abstract idea.

*McKinley*, 2014 WL 4407592, *3–4 (C.D. Cal. Sept. 4, 2014) (internal citations omitted) *quoting O'Reilly v. Morse,* 15 How. 62, 113, 14 L.Ed. 601 (1854).

In finding the claims asserted in *McKinley* invalid, Judge Wu based his reasoning on one of the earliest Supreme Court cases that addressed the lack of patent eligibility for claims directed to an abstract idea without tying it to a specific application. *McKinley*, 2014 WL 4407592, *3–4 (C.D. Cal. Sept. 4, 2014) *quoting O'Reilly v. Morse,* 15 How. 62, 113, 14 L.Ed. 601 (1854). The Hon. Wu explained "patents always present some impediment to follow-on innovation. The principle is one of balance: patents should not 'foreclose more future invention than the underlying discovery could reasonably justify.'" *McKinley,* 2014 WL 4407592, at *3–4 *quoting Mayo v. Prometheus,* 132 S.Ct. 1289, 1301 (2012). Judge Wu specifically based his reasoning on the fact that the claims at issue in *McKinley* did not recite the computer program code necessary to limit those claims to special computer. *McKinley,* 2014 WL 4407592, at *9 (C.D. Cal. Sept. 4, 2014). However, unlike the claim in *McKinley* the Asserted Claim includes the specific computer components and computer program code that enables the components to be used as specifically claimed.

Like the claims the Supreme Court allowed that were directed towards Morse's Telegraph versus Morse's infamous invalid claim 8 directed to "the use of the motive power of the electric or galvanic current . . . however developed, for making or printing intelligible characters, letters, or signs, at any distances" the Asserted Claim of the '261 Patent is directed to a specific technological system that was not conventional at the time Mr. Horstemeyer invented

it in 2003.  *See, e.g.,* **Exhibit D**; *Cf. O'Reilly v. Morse,* 15 How. 62, 113, 14 L.Ed. 601 (1854). The patent examiner expressly consider these **FACTS** when he issued the '261 Patent finding it subject matter eligible, not anticipated by the prior art, not obvious and enabled in light of *McKinley, Alice* and the state of the art in 2003. The Court must construe these facts in the light most favorable to the Plaintiff. Consequently, Defendant's Motion should be **denied.**

WHEREFORE, for the reasons set forth herein, and those found within the '261 Patent, the '261 Patent prosecution history, and the state of the art at time of invention, the '261 Patent claims patent eligible subject matter and Defendant's 12(b)(6) Motion to Dismiss should be denied.

DATED:  January 10, 2017                      Respectfully submitted,

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160
Boca Raton, Florida 33431
Telephone: 561-361-6566
Facsimile:  561-361-6466

By: s/Peter A. Koziol
    Peter A. Koziol (FBN 030446)
    pak@assoulineberlowe.com
    Eric N. Assouline, Esq. (FBN 106143)
    ena@assoulineberlowe.com
    Greg M. Popowitz (FBN 070313)
    gmp@assoulineberlowe.com

**Attorneys for Plaintiff,**
**Electronic Communication Technologies, LLC**

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the manners referenced below this day January 10, 2017 on all counsel or parties of record on the service list indicated below:

By:    *s/ Peter A. Koziol*
                    Peter A. Koziol

## SERVICE LIST

*Electronic Communication Technologies, LLC v. Lakeshore Equipment Company*
**CASE NO.: 9:16-cv-81672-KAM/WDM**
**United States District Court, Southern District of Florida**

**VIA CM/ECF**
Eleanor T. Barnett, Esq.
ebarnett@hellerwaldman.com
liteservice@hellerwaldman.com
Heller Waldman, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone: 305.448.4144
Facsimile: 305.448.4155

Neil J. McNabnay
njm@fr.com
Ricardo J. Bonilla
rjb@fr.com
Theresa M. Dawson
tdawson@fr.com
Fish & Richardson, P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: 214.747.5070
Facsimile: 214.747.2091

*Attorneys for Defendant,*
*Lakeshore Equipment Company*
*d/b/a Lakeshore Learning Materials*